IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

IN RE: AMERICAN MEDICAL SYSTEMS, INC.
PELVIC REPAIR SYSTEM
PRODUCTS LIABILITY LITIGATION                          MDL 2325

THIS DOCUMENT RELATES TO:

Costa v. American Medical Systems, Inc.          Civil Action No. 2:17-cv-01215

ORDER

Before the court are three motions: the two identical motions entitled Motion to Withdraw as Counsel for the Plaintiff, both filed on July 31, 2017 by counsel for the plaintiff [ECF Nos. 12, 13]; and the Motion to Dismiss With Prejudice filed by defendant American Medical Systems, Inc. ("AMS") on February 2, 2018 [ECF No. 19]. No party has filed an opposition to any of these motions, and all three motions are now ripe for adjudication.

I. Discussion

A. The Two Motions to Withdraw

In both motions to withdraw, Chester L. Tennyson, Jr. and Richard L. Tennyson of Tennyson Law Firm seek leave to withdraw as counsel under Local Civil Rule 83.4. As justification for the withdrawal, counsel state that the attorney-client relationship has irretrievably broken down.

In response to both of these motions, on August 15, 2017, I entered an order staying this civil action until September 15, 2017 [ECF No. 14]. In the same order, I directed the plaintiff to file a statement of intent to proceed without counsel or to

have new counsel enter an appearance by September 15, 2017.[1] Should the plaintiff fail to comply with this directive, I warned, AMS could move for appropriate relief, including the dismissal of this case with prejudice.

By September 15, 2017, Chester L. Tennyson, Jr. and Richard L. Tennyson filed the necessary documents in compliance with the Order. [ECF No. 16]. The plaintiff, on the other hand, failed to file any response. Of note, however, the docket in this case reflects that attorney George G. Burke of the Law Offices of George G. Burke briefly entered his appearance in this case on behalf of the plaintiff on September 12, 2017. [ECF No. 17]. However, shortly thereafter on September 18, 2017, Mr. Burke filed a notice of withdrawal. [ECF No. 18].

For the reasons stated in the motions, in the absence of any opposition, and in light of counsels' compliance with this court's Order, the Motion to Withdraw as Counsel for the Plaintiff is **GRANTED**.[2]

### B. Motion to Dismiss

On February 2, 2018, AMS moved to dismiss this case with prejudice. In its motion to dismiss, AMS notes that the plaintiff has neither retained new counsel nor filed a notice of intent to proceed without counsel, in violation of the August 15, 2017 Order.

---

[1] In addition, I also directed Chester L. Tennyson, Jr. and Richard L. Tennyson to send copies of the order and the motions to the plaintiff via email and regular mail to her last known address.
[2] To clarify the record in this case, the court is granting the second Motion to Withdraw as Counsel for the Plaintiff [ECF No. 13] only. The first Motion to Withdraw as Counsel for the Plaintiff [ECF No. 12] lacks the requisite Certificate of Service and, as a result, must be denied. *See* Fed. R. Civ. P. 5(a)(1) (requiring pleadings filed after the original complaint to be served on every party); Fed. R. Civ. P. 5(d)(1) ("Any paper . . . that is required to be served—together with a certificate of service" must be filed "within a reasonable time after service.").

Rule 41(b) of the Federal Rules of Civil Procedure provides that a defendant may move for dismissal of a civil action "[i]f the plaintiff fails to prosecute or comply with these rules or a court order." Fed. R. Civ. P. 41(b). In this case, the plaintiff failed to respond to a specific directive of the court. While the plaintiff's retention of counsel between September 12, 2017 and September 18, 2017 complies with a literal interpretation of my directive, common sense dictates that the plaintiff failed to abide by the spirit of my order. Moreover, in the several months since, the plaintiff has given no indication that she intends to prosecute her claims further. The conduct of the plaintiff is concerning particularly given the circumstances prompting counsels' request to withdraw – that they lost all communication with the plaintiff.

The court is aware that this individual case is among several thousands of civil actions grouped in one of seven MDLs assigned to me by the Judicial Panel on Multidistrict Litigation. As an added measure of precaution, the court stayed this case, directed withdrawing counsel to certify delivery of the motion to withdraw and a copy the court's order to the plaintiff's last known mailing *and* email addresses, and provided thirty days in which the plaintiff could respond.

I recognize that dismissal is "not a sanction to be invoked lightly." *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989). Generally, courts must consider certain criteria addressing the propriety of dismissal as a sanction given the particular circumstances of the case:

> (1) the degree of personal responsibility on the part of the plaintiff; (2) the amount of prejudice to the defendant caused by the delay; (3) the presence or absence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal.

3

*Id.* "A district court need not engage in a rigid application of this test, however, when a litigant has ignored an express warning that failure to comply with an order will result in the dismissal of his claim." *Taylor v. Huffman*, No. 95-6380, 1997 WL 407801, at * 1 (4th Cir. July 22, 1997) (citing *Ballard*, 882 F.2d at 95-96) (finding dismissal with prejudice proper where a litigant ignored an express warning from a magistrate, who advised that a failure to act by a certain date would result in a recommendation for dismissal with prejudice).

Here, the court's August 15, 2017 order expressly warned that if the plaintiff failed to comply with the court's directive by September 15, 2017, "the defendant may move the court for appropriate relief, including dismissal with prejudice." [ECF No. 14]. The warning itself was reasonable as the case has been pending for over a year and, as stated above, the plaintiff has given no indication that she intends to prosecute her cause of action. Moreover, case management becomes of utmost importance when handling seven MDLs containing thousands of individual cases in the aggregate. *See In re Phenylpropanolamine Prods. Liab. Litig.*, 460 F.3d 1217, 1231 (9th Cir. 2006) (emphasizing the "enormous" task of an MDL court in "figur[ing] out a way to move thousands of cases toward resolution on the merits while at the same time respecting their individuality"). I must define rules for discovery and then strictly adhere to those rules, with the purpose of ensuring that pretrial litigation flows as smoothly and efficiently as possible. *See id.* at 1232 ("[T]he district judge must establish schedules with firm cutoff dates if the coordinated cases are to move in a diligent fashion toward resolution by motion, settlement, or trial."); *see also* Fed. R. Civ. P. 1 (stating that the Federal Rules of Civil Procedure "should be construed,

administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding"). Any further delay would be undue, and the court has little alternative to dismissal.

As a result, the Motion to Dismiss is **GRANTED** and the case is **DISMISSED with prejudice**.

## II. Conclusion

For the reasons stated above, the court hereby **ORDERS** that the Motion to Withdraw as Counsel for the Plaintiff [ECF No. 13] is **GRANTED**; the Motion to Withdraw as Counsel for the Plaintiff [ECF No. 12] is **DENIED**; and the Motion to Dismiss With Prejudice [ECF No. 19] is **GRANTED**.

The Clerk is **DIRECTED** to terminate Chester L. Tennyson, Jr. and Richard L. Tennyson as counsel for the plaintiff, to amend the docket in this case to reflect that the plaintiff's address is P.O Box 6457, Huntington, WV 25772-6457, and that the stay previously entered on August 15, 2017 was lifted on September 15, 2017.

The court further **ORDERS** that this case is **DISMISSED WITH PREJUDICE** and **STRICKEN** from the docket. Any motions pending in this case at the time of this dismissal are **DENIED AS MOOT**.

The Clerk is further **DIRECTED** to send a copy of this Order to counsel of record, and to send a copy of this Order to plaintiff, via certified mail, return receipt requested to P.O Box 6457, Huntington, WV 25772-6457.

ENTER: February 28, 2018

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE